IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| STEVE SIMONDS, | : |
| Plaintiff, | : |
| v. | : NO. 3:23-CV-59-CDL-MSH |
| STATE OF GEORGIA, *et al.*, | : |
| Defendants. | : |

**ORDER AND RECOMMENDATION**

Plaintiff, proceeding *pro se*, filed a Complaint seeking relief under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff also filed what the Court construes as a motion for preliminary injunctive relief, seeking to be reunited with his granddaughter (ECF No. 8), and motions seeking to consent to the magistrate judge entering final judgment in this action and to consolidate this action with other actions filed by Plaintiff (ECF No. 13). The Court addresses Plaintiff's motions seeking to consent to the magistrate judge entering final judgment and to consolidate this action in an Order, and it makes a recommendation as to Plaintiff's motion for preliminary injunctive relief.

**ORDER**

Plaintiff seeks to consent to the magistrate judge entering final judgment and to consolidate this action with other actions filed by Plaintiff (ECF No. 13). For the following reasons, Plaintiff's motions are denied.

As to Plaintiff's motion seeking to consent to the magistrate judge entering final judgment, the consent of all parties is required for such consent to be effective. 28 U.S.C. § 636(c)(1); *see also* M.D. Ga. L.R. 73(b) ("Under 28 U.S.C. § 636(c), and with the consent of all parties, magistrate judges are specifically authorized and empowered to conduct any and all proceedings in a jury or non-jury civil matter and to order the entry of judgment therein.") (emphasis added). As of the date of this Order, Plaintiff has not effected service on Defendants in this matter and no Defendant has filed an answer or other responsive pleading. As a result, all parties have not—and cannot—consent under § 636(c). Accordingly, the Court **DENIES** Plaintiff's motion seeking to consent to the magistrate judge entering final judgment (ECF No. 13).

As to Plaintiff's motion seeking to consolidate this action with other actions filed by Plaintiff, the facts and claims underlying this action substantially differ from the facts and claims made by Plaintiff in his other actions. In this action, Plaintiff asserts that Defendants committed "the act of transgender[ing]" his granddaughter. Compl. 4, ECF No. 1. While there are some differences between the other three actions Plaintiff has filed that relate to his granddaughter, the other three actions generally assert claims that the attorneys assigned to protect his granddaughter allegedly colluded with state authorities and did not advocate effectively for his granddaughter or file appropriate paperwork. *See, e.g.*, Am. Compl. 4-9, ECF No. 4 in *Simonds v. Univ. of Ga. Law Sch.*, No. 3:23-cv-00007-CAR-MSH (M.D. Ga. May 8, 2023); Compl. 3-7, 10-12, ECF No. 1 in *Simonds v. Dep't of Human Servs.*, No. 3:23-cv-00022-CDL-MSH (M.D. Ga. Feb. 21, 2023); Compl.

3-4, 6-8, ECF No. 1 in *Simonds ex rel. D.R. v. Dep't of Fam. & Child. Servs.*, No. 3:23-cv-00029-CAR-MSH (M.D. Ga. Mar. 13, 2023).

While Rule 42(a) of the Federal Rules of Civil Procedure authorizes the Court to consolidate actions that "involve a common question of law or fact," the Court finds that the facts asserted in this action do not involve common questions of law or fact as to Plaintiff's other three cases about his granddaughter. Consolidation of Plaintiff's cases would, thus, not conserve judicial resources and would stymie, rather than permit, more efficient resolution of Plaintiff's claims. Accordingly, the Court **DENIES** Plaintiff's motion seeking to consolidate this action with other actions filed by Plaintiff (ECF No. 13).

## RECOMMENDATION

Plaintiff has also filed what the Court construes as a motion for preliminary injunctive relief, seeking to be reunited with his granddaughter (ECF No. 8). Being reunited with his granddaughter is essentially most of the relief that Plaintiff seeks in this action. (*See* Compl. 5).

A preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than grant most or all of the substantive relief sought in the complaint. *See, e.g.*, *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982). Factors a movant must show to be entitled to a preliminary injunction include (1) a substantial likelihood of ultimate success on the merits; (2) the relief is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) the preliminary injunction would serve the public interest. *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (per curiam).

Plaintiff does not clearly address these factors in his Complaint, and at this juncture the facts have not been sufficiently developed to conclude that there is a substantial likelihood that Plaintiff will ultimately prevail on the merits. Indeed, it appears that the relief Plaintiff seeks in his motion is in the nature of a writ of mandamus ordering state officials to take action by permitting Plaintiff to resume having contact with his granddaughter. This Court does not have the authority to grant such relief. *See Moye v. Clerk, DeKalb Cnty. Superior Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973) (per curiam) (holding that federal courts lack the power to issue writs compelling action by state officials in the performance of their duties).[1] Furthermore, Defendants have not been served or had a meaningful opportunity to respond to Plaintiff's allegations. Fed. R. Civ. P. 65(a)(1). Defendants should be afforded an opportunity to respond to Plaintiff's allegations, and any claims for injunctive relief can be addressed as this case proceeds. Accordingly, the Court recommends that Plaintiff's motion seeking to be reunited with his granddaughter be denied.

## CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that Plaintiff's motion seeking to be reunited with his granddaughter (ECF No. 8), construed as a motion for preliminary injunctive relief, be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

to file objections, within **FOURTEEN (14) DAYS** after being served with a copy hereof. Any objection should be no longer than **TWENTY (20) PAGES** in length. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 7th day of September, 2023.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE